

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-12-2010

# USA v. Sidnei De Miranda

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1175

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"USA v. Sidnei De Miranda" (2010). *2010 Decisions.* Paper 2075.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/2075

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 09-1175

UNITED STATES OF AMERICA

v.

SIDNEI De Miranda,
                                        Appellant

Appeal from the United States District Court
of the Virgin Islands, Division of St. Thomas and St. John
(No. 3-08-cr-00020-001)
District Judge: C.J. Curtis V. Gómez

Submitted pursuant to Third Circuit LAR 34.1(a)
December 1, 2009

Before: McKee, Fuentes and Nygaard, *Circuit Judges*

(Opinion Filed: January 12, 2010)

McKee, *Circuit Judge*

   Sidnei De Miranda appeals the district court's denial of his motion for a judgment of

acquittal. The sole issue on appeal is whether the government presented sufficient

evidence of alienage to support De Miranda's conviction for unlawful reentry following

his deportation from the United States in violation of 8 U.S.C. § 1326. For the reasons

that follow, we will affirm the judgment of conviction.[1]

---

[1] We have appellate jurisdiction to review the District Court's final judgment under 28
U.S.C. § 1291.

**I.**

In deciding if a verdict is supported by sufficient evidence to establish guilt beyond a reasonable doubt, we must view the evidence in the light most favorable to the government and draw all reasonable inferences in the government's favor. *United States v. Voigt*, 89 F.3d 1050, 1080 (3d Cir. 1996).

Viewed in that light, the evidence established that Sidnei De Miranda arrived at the airport in St. Thomas to board an airplane bound for Fort Lauderdale, Florida in March of 2008. However, he was taken to secondary inspection because he could not produce evidence of citizenship, and because he seemed suspiciously nervous. When officials asked him about his nationality, De Miranda stated that he was a Brazilian-born Brazilian citizen. Upon reviewing De Miranda's Alien File, officials found a fully executed Warrant of Deportation which included his photograph and a fingerprint from his right index finger. Thereafter, they arrested De Miranda and sent his fingerprints and the warrant for forensic analysis. That examination and subsequent investigation disclosed that De Miranda had previously been deported. Accordingly, he was subsequently he was charged with illegally attempting to enter the United States following deportation in violation of 8 U.S.C. § 1326. He proceeded to trial before a jury, and was convicted of that charge. This appeal followed.

**II.**

8 U.S.C. § 1326, makes it illegal for an alien who has previously been deported or removed from the United States to reenter without the Attorney General's permission. The government therefore had to prove beyond a reasonable doubt that De Miranda was an alien who attempted to reenter the United States after being deported or removed, and that he did so without having permission to reenter. *Id*; *see also United States v. Dixon*, 327 F.3d 257, 259 (3d Cir. 2003). The evidence here clearly was clearly sufficient to prove each of those elements.

The jury heard evidence that when he was questioned at the St. Thomas airport, De Miranda admitted that he had been born in Brazil, and that he had neither a U.S. passport nor "green card." The government introduced the executed warrant of deportation containing a photograph and fingerprint taken when he was previously removed, as well as the testimony of a fingerprint expert tying the fingerprint to De Miranda and there was testimony that he was trying to board a plane in St. Thomas that was bound for Fort Lauderdale Florida when he was arrested. De Miranda's claim that this was not sufficient to support his conviction is therefore as woeful as it is frivolous.

**III.**

For the reasons set forth above, the judgment of the district court will be affirmed.

3